
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CHARLES O. RED CLOUD, | \* | CIV. 09-4064 |
| | \* | |
| Petitioner, | \* | |
| -vs- | \* | REPORT AND RECOMMENDATION |
| | \* | |
| ROBERT DOOLEY, Warden, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner Charles Red Cloud, an inmate at the Mike Durfee State Prison (MDSP) has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Petitioner has filed a Brief in Support of his Petition and a Reply to Opinion and Order (Docs. 2 and 17). The Respondent has filed a Motion to Dismiss (Doc. 14) and an accompanying Brief (Doc. 15). The Court ordered the parties to file briefs, documentation and other appropriate authority showing cause why Petitioner's federal habeas petition should not be dismissed as untimely (Doc. 8).

## JURISDICTION

Petitioner was convicted in Pennington County, South Dakota, and is currently in custody in South Dakota pursuant to a judgment of a South Dakota state court. The pending matter is therefore properly before this Court pursuant to 28 U.S.C. § 2254. The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Order dated November 29, 2006.

## PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

This habeas corpus matter is pending pursuant to 28 U.S.C. § 2254. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. *Id.*

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8( c), Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254. Those statutes provide in relevant part:

**18 U.S.C. § 3006A(a)(2)(B):**

(2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
**

(B) is seeking relief under section 2241, 2254, or 2255 of title 28

**Rule 6(a):**
If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

**Rule 8( c):**
If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. *Hoggard,* 29 F.3d at 471 (citations omitted). In this case, no evidentiary hearing is necessary, because the claims Petitioner makes here are identical to those he made at the state court level, and because his claim is clearly barred by the statute of limitations.

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Id.* Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

Petitioner claims his failure to file his petition within the statute of limitations should be excused based on the application of the Fort Laramie Treaty. The Government asserts the claim is time barred notwithstanding the Fort Laramie Treaty. These claims are not factually complex. Petitioner has demonstrated his ability to present them in his pro-se petition. The issues can be

2

resolved on the basis of the record which has been provided to this Court. For these reasons, Petitioner's Motion for Appointment of Counsel should be DENIED.

## PROCEDURAL HISTORY

Because the Respondent has moved to dismiss the Petition as untimely, the entirety of the state court record has not been provided. It is known that Petitioner was convicted of manslaughter on June 6, 1996. His conviction arose out of an incident which occurred in Rapid City, Pennington County, South Dakota. He was sentenced to serve twenty-five (25) years in the South Dakota State Penitentiary. He did not file a direct appeal.

Petitioner filed his state habeas petition on December 11, 2008. On February 4, 2009, the state circuit court, Seventh Judicial Circuit, South Dakota, denied Petitioner's state habeas petition. The circuit court denied a certificate of probable cause. On April 8, 2009, the South Dakota Supreme Court likewise denied a certificate of probable cause.

Petitioner filed his § 2254 federal habeas petition on May 14, 2009. This Court ordered the Clerk to serve the federal petition on the Respondent and the Attorney General, and further ordered the parties to show cause why the federal petition should not be dismissed as untimely. The Respondent thereafter moved to dismiss. The Petitioner does not claim his petition is timely, but rather urges the Court to overlook his untimeliness because the state court which entered his judgment of conviction had no jurisdiction over him in the first place. He bases his argument on his insistence that Rapid City, South Dakota, the locus of his crime, remains a part of "Indian Country" as that term is defined by federal law and the restrictions imposed by the Fort Laramie Treaty of 1868.

## DISCUSSION

### 1.   AEDPA Statute of Limitations

Petitioner's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* The statute of

limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.;* § 2244(d)(2).

Judgment was entered on Petitioner's conviction on June 6, 1996. He did not directly appeal his conviction. He filed his state habeas petition on December 11, 2008, and it was finally concluded with the South Dakota Supreme Court's denial of the writ on April 8, 2009. Petitioner filed his federal petition for writ of habeas corpus on May 14, 2009.

28 U.S.C. § 2244(d) provides:

>  (1) A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

Petitioner's state habeas petition was untimely pursuant to South Dakota law (*See* SDCL § 21-27-3.2) (prejudicial delay is assumed if state application filed more than five years after judgment of conviction), and it was not filed in time to toll the federal one year statute of limitations. *See generally, Painter v. State of Iowa,* 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired). In South Dakota, a criminal defendant must appeal his conviction within thirty days of the date the judgment of conviction is filed. *See* SDCL § 23A-32-15. Because he did not appeal his state conviction, Petitioner's state judgment became final for purposes of the AEDPA upon the expiration of thirty days after June 6, 1996,–or on July 6, 1996. The statute of limitations expired for his federal habeas claim one year from that date, or on July 6, 1997. Absent one of the exceptions described in 28 U.S.C. § 2244(d) or the application of equitable tolling, Petitioner's federal habeas petition is clearly time-barred.

## 2. Petitioner's Jurisdictional Claims

Petitioner asserts his federal § 2254 petition should not be dismissed as untimely because the state court never had jurisdiction over him pursuant to the Fort Laramie Treaty of 1868. Petitioner's argument is rejected for two reasons. First, it ignores the plain language of § 2254, which indicates that the very purpose of the writ is to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground he is in custody in violation of the Constitution or laws or *treaties* of the United States." (emphasis added). The one year statute of limitation imposed by § 2244(d)(1) applies to <u>all</u> § 2254 petitions and does not exempt those which are based on language found in the treaties of the United States, including the Fort Laramie Treaty of 1868.

Second, Petitioner asserts that the Fort Laramie Treaty of 1868 made Pennington County, South Dakota part of Indian Country and that any later treaty which purported to remove it from Indian Country and subject it to the jurisdiction of the State of South Dakota is null and void.

5

Specifically, Petitioner asserts that "no treaty or act has diminished Indian Country set forth in the Treaty of 1868." *See* Brief in Support of Petitioner's Writ of Habeas Corpus, Doc. 2, p. 11. This argument has been consistently rejected by the federal courts. "Generally, the federal courts are the ultimate decision maker as to whether the federal, state or tribal courts have jurisdiction in particular Indian law case." *State of South Dakota v. Daly*, 454 N.W.2d 342, 344 (S.D. 1990), *citing, United States v. Antelope*, 430 U.S. 641, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977).

Petitioner cites that portion of the Fort Laramie treaty which required

> No treaty for the cessation of any portion or part of the reservation herein described which may be held in common shall be of any validity or force as against the said Indians, unless executed and signed by at least three fourths of all the adult male Indians, occupying or interested in the same.

"Within a decade, however, the United States abandoned its treaty obligation with the Sioux Nation by passing the Act of February 28, 1877 . . .That Act abrogated the Fort Laramie Treaty and ratified an agreement made by ten percent of the adult male Sioux population to cede the Black Hills to the United States in exchange for subsistence rations." *Oglala Sioux Tribe of the Pine Ridge Indian Reservation v. United States*, 650 F.2d 140, 141 (8th Cir. 1981). *See also, Lower Brule Sioux Tribe v. State of South Dakota*, 104 F.3d 1017, 1022 (8th Cir. 1997) ("[t]reaty rights obtained by the Tribe under the Fort Laramie Treaty, however, were abrogated by Congress with the passage of the General Indian Allotment Act of 1887."). The Court is therefore unpersuaded by Petitioner's assertion that the site of his crime (Pennington County) is in Indian Country or that the state court which entered his Judgment of Conviction did not have jurisdiction over him pursuant to the authority of the Fort Laramie Treaty of 1868.

## CONCLUSION AND RECOMMENDATION

Because more than one year passed during which no direct appeal or state habeas petitions were pending before Petitioner filed his federal habeas petition, this action is barred by the AEDPA one-year statute of limitations. Petitioner has failed to show he diligently pursued his claims or that extraordinary circumstances prevented him from filing in a timely manner. Further, no state-created impediment prevented timely filing. Neither equitable tolling nor 28 U.S.C. § 2244(d)(1)(B), therefore, apply.

The Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right" and thus a certificate of appealability should not be issued in Petitioner's case. 28 U.S.C. § 2253(c)(2). Although 28 U.S.C. § 2253(c)(2) has been found to be "only a modest standard," Petitioner has not shown that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement or to proceed further.'" *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citations omitted).

It is therefore respectfully RECOMMENDED to the District Court that:
(1) Petitioner's application for writ of habeas corpus (Doc. 1) be DENIED with prejudice.
(2) Petitioner's Motion for Appointment of Counsel (Doc. 12) be DENIED;
(3) No Certificate of Appealability be issued.
(4) Respondent's Motion to Dismiss (Doc. 14) be GRANTED.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 2**7** day of September, 2009.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

7